# EXHIBIT A



**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

## CALIFORNIA AUTO POLICY

**READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY**

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained in the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown in the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the company's Board of Directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

By purchasing this policy you are a member of USAA and are subject to its bylaws.

This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

The USAA Board of Directors may annually allocate a portion of USAA's surplus to Subscriber's Savings accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

|  |  | **DECLARATIONS PAGE** |
|---|---|---|
|  |  | Named Insured and Address |
|  |  | Policy Period |
|  |  | Operators |
|  |  | Description of Vehicle(s) |
|  |  | Coverages, Amounts of |
|  |  | Insurance and Premiums |
|  |  | Endorsements |
| Beginning on Page | 3 | **Agreement and Definitions** |
| Part A | 4 | **Liability Coverage** |
|  |  | Definitions |
|  |  | Insuring Agreement |
|  |  | Bodily Injury Liability Coverage and |
|  |  | Property Damage Liability Coverage |
|  |  | Limit of Liability |
|  |  | Supplementary Payments |
|  |  | Exclusions |
|  |  | Out of State Coverage |
|  |  | Other Insurance |
| Part B | 6 | **Medical Payments Coverage** |
|  |  | Definitions |
|  |  | Insuring Agreement |
|  |  | Medical Payments Coverage |
|  |  | Air Bag and Seat Belt Benefits |
|  |  | Extended Benefits Coverage |
|  |  | Limit of Liability |
|  |  | Exclusions |
|  |  | Other Insurance |
|  |  | Special Provisions |
|  |  | Conditions |
|  |  | Arbitration |
| Part C | 10 | **Uninsured Motorists Bodily Injury Coverage and** |
|  |  | **Uninsured Motorists Property Damage Coverage** |
|  |  | Definitions |
|  |  | Insuring Agreement |
|  |  | Uninsured Motorists Bodily Injury Coverage |
|  |  | Uninsured Motorists Property Damage Coverage |
|  |  | Limit of Liability |
|  |  | Exclusions |
|  |  | Other Insurance |
|  |  | Non-Duplication |
|  |  | Arbitration |

(Quick Reference continued on Page 2)

0901119c95670d0b

USAA Confidential

| Part D  14 | Physical Damage Coverage | Part E  17 | General Provisions |
|---|---|---|---|
| | Definitions | | Air Bag |
| | Insuring Agreement | | Bankruptcy |
| |   Comprehensive Coverage | | Changes |
| |   Collision Coverage | | Duties After an Accident or Loss |
| |   Rental Reimbursement Coverage | | Legal Action Against Us |
| |   Towing and Labor Costs Coverage | | Non-duplication of Payment |
| | Limit of Liability | | Our Right to Recover Payment |
| | Payment of Loss | | Ownership |
| | Loss Payable Clause | | Policy Period and Territory |
| | Waiver of Collision Deductible | | Termination |
| | Exclusions | | Transfer of Your Interest in this Policy |
| | No Benefit to Bailee | | Two or More Auto Policies |
| | Other Sources of Recovery | | |
| | Appraisal | | |

0901119c95670d0b

USAA Confidential

# CALIFORNIA AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown in the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **You** and **your** refer to the "named insured" shown in the Declarations and spouse if a resident of the same household.

B. **We, us,** and **our** refer to the Company providing this insurance.

C. **Auto business** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, or storing vehicles.

D. **Bodily injury** (referred to as **BI**) means bodily harm, sickness, disease or death.

E. **Family member** means a person related to **you** by blood, marriage, or adoption who is a resident of **your** household. This includes a ward or foster child.

F. **Miscellaneous vehicle** means the following motorized vehicles: a motorcycle, moped or similar type vehicle; motor home; golfcart; snowmobile; all-terrain vehicle; or dune buggy.

G. **Occupying** means in, on, getting into or out of.

H. **Property damage** (referred to as **PD**), except as specifically defined in Part C, means physical injury to, destruction of, or loss of use of tangible property.

I. **Repair or replace** means restoring the damaged property or parts thereof to their pre-accident operational safety, function, and appearance. However, **we** may at **our** option **repair or replace** with parts of like kind and quality, including used or non-OEM parts (non-OEM parts are those produced by someone other than the original equipment manufacturer). **Repair or replace** does not require:

1. A return to the pre-accident market value of the property or parts thereof; or

2. Restoration, alteration, or replacement of undamaged property or parts thereof, unless such is needed for the operational safety of the vehicle.

J. **Temporary substitute vehicle** means a private passenger auto, pickup, **van, miscellaneous vehicle** or **trailer** not owned by **you** or a **family member** while it is used as a temporary replacement for **your covered auto** when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.

K. **Trailer** means a vehicle designed to be pulled by a private passenger auto, pickup, **van,** or **miscellaneous vehicle.** It also means a farm wagon or implement while towed by such vehicles.

L. **Van** means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

M. **Your covered auto** means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles acquired by **you** or a **family member** during the policy period, beginning on the date **you** or a **family member** becomes the owner, but only if no other insurance policy provides coverage for such vehicle:

   a. A private passenger auto;

   b. A pickup or **van;** or

   c. A **miscellaneous vehicle** not used in any business or occupation.

   For such newly acquired vehicles, **we** will automatically provide the broadest coverages as are provided for any vehicle shown in the Declarations. If **your** policy does not provide Comprehensive and Collision coverages, **we** will provide each with a $250 deductible. However, **we** will not provide any coverage for more than 30 days after the date **you** or a **family member** becomes the owner of the vehicle. If **you** wish to continue any coverage beyond the 30-day period, **you** must request it prior to the end of the 30-day period.

0901119c95670d0b

USAA Confidential

3. Any **trailer you** own.

4. Any **temporary substitute vehicle.** Only those coverages provided for the vehicle withdrawn from normal use will be extended to its **temporary substitute vehicle.**

## PART A – LIABILITY COVERAGE

### DEFINITIONS

**Covered person** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance, or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or **trailer** other than **your covered auto,** this provision only applies if the other person or organization does not own or hire the auto or **trailer.**

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to **BI** or **PD** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD.**

### INSURING AGREEMENT

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

### LIMIT OF LIABILITY

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's Financial Responsibility law, **our** limit of liability will be the minimum required by the state's Financial Responsibility law.

### SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person:**

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown in the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability, **we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing, in any suit **we** defend, on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

0901119c95670d0b                          USAA Confidential

**(PART A Cont'd.)**

4. Up to $100 a day for loss of wages because of attendance at hearings or trials at **our** request.

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or **van** which occurs while the vehicle is in the care, custody, or control of a **covered person.** The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at the time of loss. Only Exclusions A.1. and A.8. apply.

6. Other reasonable expenses incurred at **our** request.

7. All defense costs **we** incur.

**EXCLUSIONS**

A. **We** do not provide Liability Coverage for any **covered person:**

1. Who intentionally acts or directs to cause **BI** or **PD**, or who acts or directs to cause with reasonable expectation of causing **BI** or **PD.**

2. For **PD** to property owned or being transported by a **covered person.**

3. For **PD** to property rented to, used by, or in the care of any **covered person.** This does not apply to damage to a residence or garage.

4. For **BI** to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **auto business.** This exclusion (A.6.) does not apply to the ownership, maintenance, or use of **your covered auto** by **you,** any **family member,** or any partner, agent, or employee of **you** or any **family member.**

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business,** farming, or ranching. This exclusion (A.7.) does not apply to the maintenance or use of a private passenger auto; a pickup or **van** that **you** own; or a **trailer** used with these vehicles.

8. Using a vehicle without expressed or implied permission.

9. For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limits of liability.

10. For **BI** or **PD** occurring while **your covered auto** is rented or leased to others.

11. For punitive or exemplary damages.

B. **We** do not provide Liability Coverage for the ownership, maintenance, or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle** having at least four wheels; or

   d. A vehicle used in the business of farming or ranching.

2. Any vehicle, other than **your covered auto,** that is owned by **you,** or furnished or available for **your** regular use.

3. Any vehicle, other than **your covered auto,** that is owned by, or furnished or available for the regular use of, any **family member.**

   This exclusion (B.3.) does not apply to **your** maintenance or use of such vehicle.

4. Any vehicle while being operated in, or in practice for, any speed contest.

0901119c95670d0b

USAA Confidential

**(PART A Cont'd.)**

C. There is no coverage for a **covered person** for **BI** to **you** or any **family member,** nor do **we** provide coverage for any **covered person** for **BI** to **you** or any **family member** whenever the ultimate benefits of that indemnification accrue directly or indirectly to any **covered person.**

D. There is no coverage for **BI** for which a **covered person** becomes legally responsible to pay to a member of that **covered person's** family residing in that **covered person's** household.

E. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of coverages required by law.

However, no one will be entitled to duplicate payments for the same elements of loss.

**OTHER INSURANCE**

A. If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits.

However, any insurance **we** provide to a **covered person:**

1. With respect to a vehicle **you** do not own, will be excess over:

    a. Any other applicable liability insurance; or

    b. Any self-insurance in compliance with a state's financial responsibility law.

2. With respect to **your covered auto,** will be excess over the insurance afforded by an **auto business** if **your covered auto** is being operated by a person engaged in the **auto business** or by the business's employee or agent.

B. Defense costs. If both primary and excess policies of liability insurance apply to the loss, **our** share of defense costs is the proportion that the amount of damages paid by **us** bears to the total amount of damages paid under all applicable policies of liability insurance.

---

## PART B - MEDICAL PAYMENTS COVERAGE

**DEFINITIONS**

A. **Air Bag** means a supplemental passive restraint system commonly referred to as an **air bag** which is originally installed by the vehicle manufacturer and which, at the time of the accident, had not been made inoperable through modification, deactivation, disconnection, switching off or prior deployment.

B. **Beneficiary** means (in order of priority of payment):

1. The surviving spouse if a resident in the same household as the deceased at the time of the accident; or

2. If the deceased is an unmarried minor, either of the surviving parents who had legal custody at the time of the accident; or

3. The estate of the deceased.

C. **Covered person** as used in this Part means:

1. **You** or any **family member** while **occupying** any auto.

2. Any other person while **occupying your covered auto.**

3. **You** or any **family member** while not **occupying** a motor vehicle if injured by:

    a. A motor vehicle designed for use mainly on public roads;

    b. A **miscellaneous vehicle;**

    c. A **trailer.**

USAA Confidential

**(PART B Cont'd.)**

D. **Essential services** means those household services that a **covered person** who is at least 18 years old would have performed without pay.

E. **Income actually lost** means the difference between:

The total of gross salary, fees, commissions, and profits from a business that a **covered person** was earning at the time of the accident; and

The total of gross salary, fees, commissions, profits from a business and payments from an income continuation or similar plan that the **covered person** received during the period of **total disability.**

F. **Medically necessary and appropriate medical services** are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person,** his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person;** and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, **medically necessary and appropriate medical services** do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed;

3. Inpatient services or supplies provided to the **covered person,** when these could safely have been provided to the **covered person** as an outpatient.

G. **Reasonable fee** is the amount, as determined by **us** or someone on **our** behalf, which **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services. We** will pay the lesser of:

1. The actual charge;

2. The charge negotiated with a provider; or

3. The charge determined by a statistically valid database that is designed to reflect charges for the same or comparable services or supplies in the same or similar geographic region. The database will also reflect, where applicable, (a) the value of the actual medical services based on a nonspecialty specific relative value scale for the services relative to other services and, (b) in the case of new procedures, services, or supplies, a comparison to commonly-used procedures, services, or supplies.

H. **Seat belt** means manual or automatic safety belts or seat and shoulder restraints or a child restraint device. Both the lap and shoulder restraints must be worn at the time of the accident for coverage to apply. If the **covered person** is a child, the child restraint device must meet federal motor vehicle safety standards and must be one recommended by its manufacturer as appropriate for use by children of like age and weight. The child must be properly seated and restrained within the device and the device must be attached to the interior of the vehicle in accordance with the manufacturer's instructions.

0901119c95670d0b                          USAA Confidential

**(PART B Cont'd.)**

I. **Total disability** means disability which continuously prevents the **covered person** from performing the substantial duties of that person's usual occupation.

## INSURING AGREEMENT

A. Medical Payments Coverage. **We** will pay only the **reasonable fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services because of **BI** caused by an auto accident, sustained by a **covered person** and incurred for services rendered within three years of the date of the accident.

A provider of medical services may charge more than the limits established by this policy's defined terms, but such additional charges are not covered. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine whether fees and expenses were reasonable and whether treatment was medically necessary and appropriate.

B. Air Bag and Seat Belt Benefits. **We** will provide the benefits described only if at the time of the accident, Medical Payments Coverage was provided by the policy and the **covered person** for whom benefits are sought was:

1. Wearing a **seat belt;** or

2. Wearing a **seat belt** and **occupying** a seat in an automobile in which he was protected by an **air bag;** and

3. Entitled to collect benefits for medical expenses incurred as a result of the accident under the terms of the policy's Medical Payments Coverage.

**We** will pay a Death Benefit of $15,000 to the **beneficiary** of a **covered person** who dies as the direct result of **BI** sustained in an automobile accident while wearing a **seat belt.** **We** will pay an Additional Death Benefit of $10,000 to the **beneficiary** of a **covered person** who dies as a direct result of **BI** sustained in an automobile accident while wearing a **seat belt** and **occupying** a seat protected by an **air bag.** In either case, death must occur within three years of the date of the accident.

C. Extended Benefits Coverage. **We** will pay the following benefits for **BI** caused by an auto accident and sustained by a **covered person:**

1. Wage Earner Disability Benefit of 85% of **income actually lost** by an employed **covered person** during a period of **total disability.**

2. Essential Services Disability Benefit for reasonable expenses incurred for **essential services** during the time the **covered person** is actually unable to perform the services. This benefit applies only if the services are performed by a non–**family member.**

3. Death Benefit of $5,000 to the **beneficiary** of a **covered person** who dies within three years from the date of the auto accident as a direct result of **BI** caused by that accident.

## LIMIT OF LIABILITY

The following provisions represent the most **we** will pay regardless of the number of **covered persons** or **beneficiaries,** claims made, vehicles or premiums shown in the Declarations, or vehicles involved in an auto accident.

A. Medical Payments

1. The limit of liability shown in the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident.

2. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and any other part of this policy.

B. The maximum Death Benefit **we** will pay under Air Bag and Seat Belt Benefits is $15,000 for death of any one **covered person.** The maximum Additional Death Benefit **we** will pay for death of any one **covered person** is $10,000. These amounts are the most **we** will pay regardless of the number of vehicles to which this coverage applies, or the number of coverages or premiums shown in the Declarations.

0901119c95670d0b

USAA Confidential

**(PART B Cont'd.)**

No one will be entitled to receive duplicate payments for the same elements of loss.

C. The limit of liability for Wage Earner Disability Benefit and the limit of liability for Essential Services Disability Benefit, as stated in the Declarations, is the maximum limit of liability for each coverage for each **covered person** injured in any one accident, subject to the following conditions:

1. Payment of Wage Earner Disability Benefit to **you** or a **family member** will not exceed the amount shown on the Declarations Page per 30-day period.

2. Payment of Wage Earner Disability Benefit to a **covered person** other than **you** or a **family member** will not exceed $1,000 per 30-day period.

3. Wage Earner Disability Benefit and Essential Services Disability Benefit begin the eighth day after the accident. **We** will pay these benefits for no more than two years to any one **covered person.** These benefits will not continue after the death of the **covered person.**

4. Any amounts otherwise payable as benefits under Wage Earner Disability Benefit shall be reduced by:

   a. The amount of any similar benefits which are paid or payable under any workers' compensation law or policy, or under any disability or health and accident policy; and

   b. The amount of any disability benefits provided by any governmental agency.

## EXCLUSIONS

**We** do not provide benefits under this Part for any **covered person** for **BI:**

1. Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle** having at least four wheels; or

   d. A vehicle used in the business of farming or ranching.

2. Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle located for use as a residence.

4. Occurring during the course of employment if workers' compensation benefits are required or available. This does not apply to Extended Benefits.

5. Sustained while **occupying,** or when struck by, any vehicle, other than **your covered auto,** that is owned by **you** or furnished or available for **your** regular use.

6. Sustained while **occupying,** or when struck by, any vehicle, other than **your covered auto,** that is owned by or furnished or available for the regular use of any **family member.** This does not apply to **you.**

7. Sustained while **occupying** a vehicle without expressed or implied permission.

8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person.** This does not apply to **BI** sustained while **occupying** a private passenger auto; a pickup or **van you** own; or a **trailer** used with these vehicles.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others.

11. Sustained while a participant in, or in practice for, any speed contest.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

The Death Benefit and Additional Death Benefit provided by Air Bag and Seat Belt Benefits will be paid in addition to any death benefit payable under the policy's Medical Payments Coverage.

**(Part B Cont'd.)**

If there are other applicable air bag and seat belt benefits, the maximum limit of **our** liability for the death of any one **covered person** under all such policies shall not exceed $15,000 for the Death Benefit and $10,000 for the Additional Death Benefit.

## SPECIAL PROVISIONS

A. To establish Wage Earner Disability Benefits, any **covered person** making a claim for **income actually lost** must submit all income-related documents **we** may reasonably require.

Income will be computed using the monthly rate being earned on the date of the accident and will be paid monthly as loss accrues. If not a salary or fixed amount, the monthly rate will be the average monthly income actually earned during the 12 months preceding the accident, or during the period the **covered person** actually was employed if less than 12 months.

B. If **your covered auto** and every other motor vehicle **you** own are within the policy territory referred to in Part E, General Provisions, then coverage under Part B will apply to **you** and any **family member** anywhere in the world.

## CONDITIONS

The Air Bag and Seat Belt Benefits coverage provided is subject to all provisions and conditions of the policy's Medical Payments Coverage and to the policy's general conditions, except as specifically modified herein.

## ARBITRATION

If **we** and a **covered person** do not agree:

1. On the **reasonable fee;**

2. That expenses are reasonable;

3. Whether services or supplies are **medically necessary and appropriate medical services;** or

4. Whether there is coverage under the terms of the Insuring Agreement for Part B;

then, that disagreement may be arbitrated, provided both parties so agree. This arbitration shall be limited to the aforementioned issues and shall not address any other coverage questions. Any arbitration finding that goes beyond the aforementioned issues shall be voidable by **us** or the **covered person** involved in the disagreement.

If both parties agree to arbitrate, each party will select an arbitrator, and those two arbitrators will select a third. If the two arbitrators cannot agree on a third within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident, and local rules of law as to procedure and evidence will apply. A decision agreed to by two or more of the arbitrators will be binding up to an amount that, when added to amounts previously paid by **us,** does not exceed the limit of liability for this coverage.

---

## PART C – UNINSURED MOTORISTS BODILY INJURY COVERAGE
## and UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE

---

## DEFINITIONS

A. **Actual Cash Value,** as used in this Part, means the amount it would cost to replace the damaged property with new property of like kind and quality, less allowance for depreciation and physical deterioration.

B. **Covered person** as used in this Part means:

1. **You** or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in 1. or 2. above.

However, the definition of **covered person** does not include the Government of the United States of America.

0901119c95670d0b

USAA Confidential

**(PART C Cont'd.)**

C. **Property Damage,** (referred to as **PD),** as used in this Part, means loss or damage to **your covered auto** resulting from collision due to an automobile accident. However, **PD** does not include loss of use of **your covered auto** or damages to personal property contained in **your covered auto.**

D. **Uninsured motor vehicle** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for liability specified by the California Financial Responsibility law.

   For purposes of UMPD Coverage, an **uninsured motor vehicle** does not include a motor vehicle which has at least the minimum property damage limits required by law.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits:

   a. **You** or any **family member;**

   b. A vehicle **you** or any **family member** are **occupying;** or

   c. **Your covered auto.**

      For **BI** losses, **you** or someone on **your** behalf, must report the accident within 24 hours to the appropriate law enforcement officials; and **you** must file a statement under oath that **you** have a cause of action arising out of the accident for damages against a person whose identity is unascertainable; and **you** must set forth facts in support thereof within 30 days.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or refuses to admit coverage except conditionally or with reservation, or is or becomes insolvent.

5. Which is used without the permission of the owner if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator.

E. **Underinsured motor vehicle** means a land motor vehicle or **trailer** of any type to which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

   However, an **underinsured motor vehicle** does not include an **uninsured motor vehicle.**

F. **Uninsured motor vehicle** and **underinsured motor vehicle** do not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of **you** or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads, except for a snowmobile.

5. Designed or modified for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**INSURING AGREEMENT**

A. **UNINSURED MOTORISTS BODILY INJURY COVERAGE** (referred to as UMBI).

   **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **BI** sustained by a **covered person** and caused by an auto accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or the **underinsured motor vehicle.** Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us.** This does not apply to a settlement made with the owner, operator, or insurer of an **underinsured motor vehicle.**

   With respect to damages for **BI** caused by an **underinsured motor vehicle,** or a vehicle as defined in Definition D.2., **we** will pay UMBI only after the limits of liability under any applicable motor vehicle bodily injury liability

USAA Confidential

**(PART C Cont'd)**

bonds or policies have been exhausted by payment of judgments or settlements, and proof of such is submitted to **us**.

B. **UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE**

1. **We** will pay compensatory damages for one of the following which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **PD** to **your covered auto** that is:

   a. not insured for Collision Coverage if the Declarations indicates Uninsured Motorists Property Damage Coverage, (referred to as UMPD), applies to that auto; or

   b. insured for Collision Coverage if the Declarations indicates Uninsured Motorists Property Damage Waiver of Collision Deductible Coverage (referred to as UMPD WOCD), applies to that auto. UMPD WOCD coverage waives the Collision deductible shown in Part D of the Declarations for **your covered auto.**

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

3. The accident must involve actual, direct physical contact between **your covered auto** and an **uninsured motor vehicle.** The owner or operator of the **uninsured motor vehicle** must be identified or, the **uninsured motor vehicle** must be identified by its license number. **You,** or someone on **your** behalf, must report the accident to **us** within 10 business days.

4. Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us.**

**LIMIT OF LIABILITY**

A. 1. For UMBI Coverage, for **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations under any one vehicle for UMBI Coverage, for "each person". Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for UMBI Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident.

A. 2. The limits of liability (each person and each accident) under UMBI Coverage shall be reduced by all sums:

   1. Paid because of the **BI** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

   2. Paid and the present value of all sums payable because of **BI** under worker's compensation law exclusive of nonoccupational disability benefits.

B. For UMPD Coverage, **our** maximum limit of liability is the lesser of:

   1. $3,500;

   2. The **actual cash value** of **your covered auto;** or

   3. The amount necessary to **repair or replace your covered auto.**

No payment for UMPD Coverage will be made for losses paid to the **covered person** under Part D of the policy.

C. For UMPD WOCD Coverage, **our** maximum limit of liability is the lesser of:

   1. The amount of the loss; or

   2. The amount of the deductible shown for Collision Coverage in the Declarations for **your covered auto.**

multiplied by the percentage of **your** loss that **you** are legally entitled to recover from the owner or operator of the **uninsured motor vehicle.**

USAA Confidential

**(PART C Cont'd.)**

D. The limits for UMBI, UMPD or UMPD WOCD Coverages are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations;

4. Premiums paid; or

5. Vehicles involved in the accident.

In no event shall the limit of liability for two or more vehicles or **trailers** of any type used with any such vehicle, or two or more policies be added together, combined, or stacked to determine the limit of liability.

**EXCLUSIONS**

A. **We** do not provide UMBI Coverage, UMPD Coverage or, UMPD WOCD Coverage for **BI** or **PD** sustained by any **covered person** if that person or the legal representative settles the claim without **our** consent. This exclusion (A.) does not apply to a settlement made with the insurer of any **underinsured motor vehicle.**

B. **We** do not provide UMBI Coverage for **BI** sustained by any **covered person** while **occupying,** or when struck by, any motor vehicle owned by **you** or any **family member** which is not insured for this Coverage under this policy or when the owner of that vehicle has UMBI Coverage similar to that provided in this Part. This includes a **trailer** of any type used with that vehicle.

C. **We** do not provide UMBI, UMPD, or UMPD WOCD Coverage while **you** or any **family member** is the operator of any self-propelled vehicle with less than four wheels that is not insured for this coverage under this policy. With respect to UMBI as used in this exclusion, "operating" means only the actual physical operation by the driver of the vehicle. This does not include a passenger of that vehicle.

D. **We** do not provide UMBI, UMPD, or UMPD WOCD Coverage for **BI** or **PD** sustained by any **covered person:**

1. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (D.1) does not apply to a share-the-expense car pool.

2. Using a vehicle without expressed or implied permission.

3. While **your covered auto** is rented or leased to others.

4. While **occupying** any vehicle when it is being operated in, or in practice for, any speed contest.

E. UMBI Coverage shall not apply directly or indirectly to the benefit of any insurer or self-insurer under any workers' compensation law or similar disability benefits law excluding non-occupational disability benefits as allowable by law.

F. **We** do not provide UMBI Coverage, UMPD Coverage, or UMPD WOCD Coverage for punitive or exemplary damages.

**OTHER INSURANCE**

If there is other applicable insurance for UMBI, UMPD, or UMPD WOCD Coverage available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance **we** provide with respect to a vehicle **you** do not own will be excess over any collectible insurance.

3. If the coverage under this policy is provided:

   a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability of coverage provided on an excess basis.

**NON-DUPLICATION**

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

0901119c95670d0b

USAA Confidential

**(PART C Cont'd.)**

1. Paid because of the **BI** by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law.

3. Paid or payable under any other auto policy's No-Fault benefits or medical payments coverage.

4. Paid under another provision or coverage in this policy.

**ARBITRATION**

A. This section applies to UMBI Coverage and UMPD Coverage and UMPD WOCD Coverage. If **we** and a **covered person** disagree as to:

   1. Whether a **covered person** is legally entitled to recover **BI** or **PD** damages from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle;** or

   2. The amount of **BI** damages that the **covered person** is legally entitled to collect from that owner;

   then, that disagreement shall be arbitrated, provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by **us** or a **covered person.** The amount of damage can not be arbitrated under UMPD Coverage or UMPD WOCD Coverage.

B. Arbitration must be initiated by a written demand for arbitration sent by certified mail, return receipt requested within one year from the date of the accident. Arbitration may be initiated by either party.

C. If both parties agree to arbitration, the matter or matters upon which either party do not agree shall be settled by a single neutral arbitrator. The decision made by the arbitrator may be entered in any court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

D. Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident, and local rules of law as to procedure and evidence will apply. Any decision of the arbitrator will be binding as to:

   1. Whether the **covered person** is legally entitled to recover damages; and

   2. The amount of damages, up to the coverage limit of liability.

## PART D - PHYSICAL DAMAGE COVERAGE

**DEFINITIONS**

A. **Actual cash value,** as used in this Part, means the amount that it would cost, at the time of **loss,** to buy a vehicle of the same make, model, body type, model year, and equipment, with substantially similar mileage and physical condition.

B. **Collision** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision:** fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision you** may elect to have it considered a **loss** caused by **collision.**

C. **Loss** means direct and accidental damage to the operational safety, function, or appearance of **your covered auto,** including its equipment. **Loss** does not include any diminution in value that remains after the damaged or stolen property or parts thereof have been **repaired or replaced.**

D. **Nonowned vehicle** means any private passenger auto, **trailer,** pickup, **van,** or **miscellaneous vehicle** not owned by, or furnished or available for the regular use of, **you** or any **family member.** This applies only when such vehicle is in the custody of or being operated by **you** or a **family member.** A **nonowned vehicle** does not include a **temporary substitute vehicle** or any of the following vehicles used in any business or occupation other than farming or ranching - pickup, **van** or **miscellaneous vehicle.**

**(PART D Cont'd.)**

E. **Your covered auto,** as used in this Part, includes:

1. A **nonowned vehicle.** If there is a **loss** to a **nonowned vehicle, we** will provide the broadest coverage shown in the Declarations.

2. Equipment and accessories of **your covered auto.**

3. Any device or instrument for the transmitting, recording, receiving or reproduction of data, sound or pictures that is operated by power from the electrical system of **your covered auto,** including:

   a. Accessories or antennas; or

   b. Tapes, wires, records discs or other media for use with any such device or instrument;

   while in or upon **your covered auto.**

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**). **We** will pay for **loss** caused by other than **collision** to **your covered auto,** minus any applicable deductible shown in the Declarations. The deductible will be waived for **loss** to glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the glass must be replaced, the full amount of the deductible, if any, must be paid.

   In addition, **we** will pay up to $15 a day, to a maximum of $450, for transportation expenses incurred by **you.** This applies only in the event of a total theft of **your covered auto. We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not repairable, three days after **we** have made a settlement offer.

   If Increased Rental Reimbursement Coverage is afforded, limits for transportation expenses are increased up to $30 per day to a maximum of $900.

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto,** minus any applicable deductible shown in the Declarations.

C. Rental Reimbursement Coverage and Increased Rental Reimbursement Coverage (for **loss** other than total theft). **We** will reimburse **you** for expenses **you** incur to rent a substitute for **your covered auto.** These coverages apply only if **your covered auto** is withdrawn from use for more than 24 hours due to a **loss,** other than a total theft, to that auto. **Our** payment will be limited to that period of time reasonably required to **repair or replace your covered auto.** If **we** determine **your covered auto** is not repairable, the rental period will end three days after **we** have made a settlement offer.

   Under Rental Reimbursement Coverage, **we** will pay up to $15 a day, to a maximum of $450. Under Increased Rental Reimbursement Coverage, **we** will pay up to $30 a day, to a maximum of $900.

D. Towing and Labor Costs Coverage. **We** will pay the reasonable costs **you** incur for one of the following each time **your covered auto** is disabled:

1. Mechanical labor up to one hour at the place of breakdown.

2. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

3. Delivery of gas, oil, a battery or a change of tire. However, **we** do not pay for the cost of these items.

**LIMIT OF LIABILITY**

A. For total losses, the limit of liability for Comprehensive and Collision Coverage, is the **actual cash value** of **your covered auto.**

B. For partial losses, the limit of liability for Comprehensive and Collision Coverages is the amount necessary to **repair or replace** the damaged or stolen property or parts thereof without deduction for depreciation.

0901119c95670d0b                    USAA Confidential

**(PART D Cont'd.)**

## PAYMENT OF LOSS

**We** may pay for **loss** in money, or **repair or replace** the damaged or stolen property. **We** may, at **our** expense, return any stolen property to **you** or to the address shown in the Declarations. If **we** return stolen property **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

## LOSS PAYABLE CLAUSE

**Loss** or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown in the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion, or embezzlement of **your covered auto**. **We** may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown in the Declarations. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## WAIVER OF COLLISION DEDUCTIBLE

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss** to **your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss**; and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss.**

## EXCLUSIONS

**We** will not pay for:

1. **Loss** to **your covered auto** which occurs while it is used to carry persons for a fee. This does not apply to a share-the-expense car pool.

2. Damage due and confined to wear and tear, freezing, or road damage to tires. This does not apply if the damage results from the total theft of **your covered auto.** This exclusion (2.) does not apply to Towing and Labor Costs Coverage.

3. Damage due and confined to mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment.

   **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

   This exclusion does not apply if the damage results from the total theft of **your covered auto,** and it does not apply to Towing and Labor Costs Coverage.

4. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

5. **Loss** to a camper body or **trailer you** own which is not shown in the Declarations. This does not apply to one **you** acquire during the policy period and ask **us** to insure within 30 days after **you** become the owner.

6. **Loss** to any **nonowned vehicle** or **temporary substitute vehicle** when used by any person without reasonable belief that that person is entitled to do so.

7. **Loss** to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

8. **Loss** to any **nonowned vehicle** arising out of its use by **you** or a **family member** while employed or otherwise engaged in **auto business** operations.

9. **Loss** to **your covered auto** while it is rented or leased to others.

10. **Loss** to any vehicle while it is being operated in, or in practice for, any speed contest.

11. **Loss** resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

0901119c95670d0b

USAA Confidential

**(PART D Cont'd.)**

This exclusion does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

12. **Loss** resulting from use in any illicit or prohibited trade or transportation.

13. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member;** and

    b. With the intent to cause a **loss.**

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the **loss, we** will pay only **our** share of the **loss. Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** or **temporary substitute vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle** or **temporary substitute vehicle.**

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss.**

This provision does not apply to Towing and Labor Costs Coverage.

**APPRAISAL**

If **we** and **you** do not agree on the amount of **loss,** either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss.** If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any of our rights under this policy by agreeing to an appraisal.

## PART E - GENERAL PROVISIONS

**AIR BAG**

If an **air bag** in **your covered auto** deploys for any reason, **we** will pay without deductible to replace it.

**BANKRUPTCY**

Bankruptcy or insolvency of the **covered person,** as defined in this policy, shall not relieve **us** of any obligations under this policy.

**CHANGES**

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

B. If, during the policy period, the risk exposure changes for any of the following reasons, the necessary premium adjustments will be made effective the date of change in exposure. **You** agree to give **us** notice of such exposure changes as soon as is reasonably possible:

1. Change in location where any vehicle is garaged.

2. Change, addition, or deletion relating to the description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement, deletion, or addition of any vehicle. **You** must request coverage for a newly acquired vehicle within 30 days from the date the vehicle is acquired if **you** wish to continue any coverage. See DEFINITIONS - **your covered auto.**

4. Change, addition, or deletion relating to the date of birth, marital status, or driving record of any operator.

5. Addition or deletion of an operator.

6. Change, addition, or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates, and forms as of the effective date of the change.

0901119c95670d0b

USAA Confidential

**(PART E Cont'd.)**

D. If **we** make a change which broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your** insurance as of the date **we** implement that change in **your** location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between **you** and **us**. Its terms may not be changed or waived except by endorsement issued by **us.**

## DUTIES AFTER AN ACCIDENT OR LOSS

A. **We** must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians **we** select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us.**

6. Promptly notify the police if a hit-and-run driver is involved.

C. In addition to the Duties outlined in A. and B. in this Part, a person seeking coverage under Part C - Uninsured Motorists Property Damage Coverage or Part D - Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** is stolen.

3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against **us** until **we** agree in writing that the **covered person,** as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B. No legal action may be brought against **us** under UMBI Coverage until there has been full compliance with all the terms of this policy and unless within one year from the date of the accident:

1. Suit for **BI** has been filed against the uninsured motorist in a court of competent jurisdiction and notice of such suit has been given to **us;**

2. Agreement as to the amount due under this coverage has been concluded; or

3. The **covered person** or his legal representative has formally instituted arbitration proceedings.

C. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person,** as defined in this policy.

## NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, **we** will pay the claim only once under this policy.

0901119c95670d0b

USAA Confidential

**(PART E Cont'd.)**

## OUR RIGHT TO RECOVER PAYMENT

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. That person shall do whatever is necessary to enable **us** to exercise **our** rights, and shall do nothing after loss to prejudice them. However, **our** rights in this paragraph do not apply to payments under:

1. Part B - Medical Payments Coverage, Extended Benefits, Death Benefit;

2. Part C - Uninsured Motorists Coverage related to an **underinsured motor vehicle;**

3. Part D - Physical Damage Coverage against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, that person shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment. However, this paragraph does not apply to Part B, Extended Benefits Death Benefit.

**Our** rights under paragraphs A. and B. above arise only after the **covered person** has been fully compensated for those damages.

C. If the **covered person,** as defined in this policy, recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter-insurer arbitration agreement.

D. If **we** make payment for a claim under Part A, and the **covered person,** as defined in Part A:

1. Failed or refused to comply with the duties specified in this provision; and

2. Prejudiced **our** defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

## OWNERSHIP

For purposes of this policy, a private passenger type auto, pickup or **van** is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur during the policy period as shown in the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accidents that occur within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. Also, for this **Part** to be effective, the original liability suit for **BI** or **PD** must be brought in the USA.

This coverage does not extend:

a. To any **covered person,** as defined in this policy, who does not live in the USA.

b. To any **covered person,** as defined in this policy, **occupying** an auto which is not principally garaged and used in the USA.

c. To any auto which is not principally garaged and used in the USA.

The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

Losses payable under Part D of the policy will be paid in the USA. If the auto must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

0901119c95670d0b

USAA Confidential

**(PART E Cont'd.)**

**NOTE: Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.**

## TERMINATION

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. The named insured may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request.

2. **We** may cancel by mailing a notice to the named insured shown in the Declarations at the address shown in this policy by giving:

   a. At least ten days notice:

      (1) If cancellation is for nonpayment of premium; or

      (2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

   b. At least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, **we** will cancel only:

   a. For nonpayment of premium; or

   b. For fraud or material misrepresentation affecting the policy or the presentation of a claim; or

      With respect to a policy obtained through misrepresentation of any of the following information:

      (1) Safety Record;

      (2) Annual miles driven in prior years;

      (3) Number of years driving experience;

      (4) Record of prior automobile insurance claims;

      (5) Any other factor found by the Commissioner to have a substantial relationship to the risk of loss.

The cancellation will become void if the correct information is furnished to **us** within 20 days of the receipt of notice of cancellation.

   c. For a violation of the terms or conditions of the policy; or

   d. A substantial increase in hazard insured against; or

   e. If **your** driver's license or that of any driver who customarily uses **your covered auto** has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) Since the last anniversary of the original effective date if the policy period is other than one year.

      However with respect to a suspended driver's license, such cancellation will not become effective if the suspension is removed prior to the time that the cancellation of the policy is to become effective.

4. **We** may cancel for any other reason permitted by law.

B. Nonrenewal. If **we** decide not to renew this policy, **we** will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

C. Rescission. With respect to all insureds, the entire policy will be void if whether before or after a loss, any **covered person** has:

      (1) Intentionally concealed or mis-represented any material fact or circumstance; or

      (2) Engaged in fraudulent conduct; or

      (3) Made false statements;

      relating to this insurance.

D. Automatic Termination. If **we** offer to renew and **you** do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that **you** have not accepted **our** offer.

**5100CA(01)   8-98**

Page 20 of 21

0901119c95670d0b

USAA Confidential

**(PART E Cont'd.)**

If **you** obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

E.   Other Termination Provisions.

1.   Proof of mailing of any notice will be sufficient proof of notice.

2.   If this policy is cancelled, the named insured shown in the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to **our** manuals. However, making or offering to make the refund is not a condition of cancellation.

3.   The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if a named insured shown in the Declarations dies, **we** will provide coverage until the end of the policy period for:

1.   The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2.   The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy **we** issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

Copyright, USAA, 1998. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

0901119c95670d0b                                    USAA Confidential

# AMENDMENT OF POLICY PROVISIONS
# CALIFORNIA

This Amendment forms a part of the auto policy to which it is attached, and it modifies that policy as follows.

## DEFINITIONS

Definition J., temporary substitute vehicle, is deleted.

The following definitions are revised:

F. **Miscellaneous vehicle** means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

I. **Repair**

1. **Repair** means restoring the damaged property to its pre-**loss** operational safety, function, and appearance. This may include the replacement of component parts.

2. **Repair** does not require:

   a. A return to the pre-**loss** market value of the property;

   b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c. Rekeying of locks following theft or misplacement of keys.

M. **Your covered auto** means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle**.

3. Any **trailer you** own.

The following definitions are added:

N. **Driving contest or challenge** includes, but is not limited to:

1. A competition against other people, vehicles, or time; or

2. An activity that challenges the speed or handling characteristics of a vehicle, or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from nonparticipants.

O. **Fungi** means any type or form of fungi, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by fungi.

P. **Motorcycle** means a two-or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

Q. **Newly acquired vehicle**.

1. **Newly acquired vehicle** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

   a. A private passenger auto, pickup, or **van**;

   b. A **miscellaneous vehicle** that is not used in any business or occupation; or

   c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $250 deductible for each loss.

**A100CA(05)** Rev. 06-10

51731-0610
Page 1 of 9

USAA Confidential

3. Any automatic provision of coverage under Q.2. will apply for up to 30 days after the date **you** or a **family member** becomes the owner of the **newly acquired vehicle.** If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period; however, **we** have the right to refuse to continue some or all of the coverage after that 30-day period. If **you** request coverage after this 30-day period, any coverage that **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

4. **You** must pay an additional premium, as set out in Part E, Changes, B.3., for any coverage **we** provide under Q.2. or Q.3. above.

R. **Registered Domestic Partner** means a person as defined in Section 297 of the Family Code.

## PART A - LIABILITY COVERAGE

**EXCLUSIONS**

Exclusion B.4. is revised as follows:

4. Any vehicle while being operated in, or in practice for, any **driving contest or challenge**.

The following exclusion is added:

F. **We** do not provide Liability Coverage for **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

## PART B - MEDICAL PAYMENTS COVERAGE

The following definition is revised:

G. **Reasonable fee** is the amount which we will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services. We** will pay the lesser of:

1. The actual charge;

2. The charge negotiated with a provider; or

3. The charge determined by a statistically valid database that is designed to reflect charges for the same or comparable services or supplies in the same or similar geographic region. The database will also reflect, where applicable, (a) the value of the actual medical services based on a nonspecialty specific relative value scale for the services relative to

other services and, (b) in the case of new procedures, services, or supplies, a comparison to commonly-used procedures, services, or supplies.

**INSURING AGREEMENT**

Paragraph A. of the Insuring Agreement is replaced in its entirety by the following:

A. Medical Payments Coverage.

1. **We** will pay only the **reasonable fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

   a. Result from **BI** sustained by a **covered person** in an auto accident; and

   b. Be incurred for services rendered within one year of the date of the auto accident.

**A100CA(05)** Rev. 06-10

0901119c95670ae9

USAA Confidential

2. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **reasonable fees** for **medically necessary and appropriate services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **reasonable fees** and reasonable expenses, but such additional charges are not covered.

## EXCLUSIONS

Exclusion 11. is revised as follows:

11. Sustained while a participant in, or in practice for, any **driving contest or challenge.**

The following exclusion is added:

12. Sustained as a result of a **covered person's** exposure to **fungi**, wet or dry rot, or bacteria.

### ARBITRATION

The Arbitration section is deleted in its entirety.

---

# PART C – UNINSURED MOTORISTS BODILY INJURY COVERAGE
## and **UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE**

---

### DEFINITIONS

The following definitions are deleted in their entirety and replaced with the following:

C. **Property Damage,** (referred to as **PD**), as used in this part, means loss or damage to **your covered auto** resulting from collision due to an automobile accident. However, **PD** does not include loss of use of **your covered auto** or damages to personal property contained in **your covered auto** other than a child passenger restraint system that:

1. Is described in Section 27360 of the California Vehicle Code.

2. Was in use by a child, or was damaged at the time of the accident for which this coverage applies.

D. **Uninsured motor vehicle** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for liability specified by the California Financial Responsibility law.

For purposes of UMPD Coverage, an **uninsured motor vehicle** does not include a motor vehicle which has at least the minimum property damage limits required by law.

3. That, for purposes of UMBI Coverage, is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits:

a. **You** or any **family member;**

b. A vehicle **you** or any **family member** are **occupying;** or

c. **Your covered auto.**

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or refuses to admit coverage except conditionally or with reservation, or is or becomes insolvent.

5. Which is used without the permission of the owner if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator.

0901119c95670ae9                                    USAA Confidential

F. **Uninsured motor vehicle** and **underinsured motor vehicle** do not include any vehicle or equipment:

1. Owned by **you** or any **family member** unless the vehicle is being operated, or caused to be operated, by a person without the consent of the covered person in connection with criminal activity that has been documented in a police report.

2. Furnished or available for the regular use of **you** or any **family member.**

3. Owned or operated by a self-insurer under any applicable motor vehicle law.

4. Owned by any governmental unit or agency.

5. Operated on rails or crawler treads, except for a snowmobile.

6. Designed or modified for use off public roads while not on public roads.

7. While located for use as a residence or premises.

**INSURING AGREEMENT**

Paragraph A. is revised as follows:

A. **UNINSURED MOTORISTS BODILY INJURY COVERAGE** (referred to as UMBI)

1. **We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **BI** sustained by a **covered person** and caused by an auto accident.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or the **underinsured motor vehicle.** Any judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle without **our** written consent is not binding on **us.**

3. The accident must involve actual, direct physical contact between **your covered auto** and an **uninsured motor vehicle.** The owner or operator of the **uninsured motor vehicle** must be identified, or the **uninsured motor vehicle** must be identified by its license number.

4. With respect to damages for **BI** caused by an **underinsured motor vehicle,** this coverage does not apply until the limits of bodily injury liability bonds or policies applicable to all motor vehicles causing the injury have been exhausted by payment of judgments or settlements, and proof of such is submitted to **us.**

Paragraph B.3. is revised as follows:

B. **UNINSURED MOTORISTS PROPERTY DAMAGE COVERAGE**

3. The accident must involve actual, direct physical contact between **your covered auto** and an **uninsured motor vehicle.** The owner or operator of the **uninsured motor vehicle** must be identified, or the **uninsured motor vehicle** must be identified by its license number.

**LIMIT OF LIABILITY**

Paragraph B.3. is revised as follows:

B. Form UMPD Coverage, **our** maximum limit of liability is lesser of:

3. The amount necessary to **repair** or replace **your covered auto.**

USAA Confidential

**EXCLUSIONS**

Exclusion B. is revised as follows:

B.  **We** do not provide UMBI Coverage for **BI** sustained by any **covered person** while **occupying,** or when struck by, any motor vehicle owned by **you** or any **family member** which is not insured for this Coverage under this policy or when the owner of that vehicle has UMBI Coverage similar to that provided in this Part. This includes a **trailer** of any type used with that vehicle.

However, this exclusion (B.) shall not apply to **BI** sustained by a **covered person** when struck by any motor vehicle or **trailer:**

1.  Owned by that **covered person;** and

2.  Being operated, or cause to be operated, by a person without that **covered person's** consent in connection with criminal activity that has been documented in a police report and that **covered person** is not a party to the criminal activity.

Exclusion C. is deleted in its entirety.

Exclusion D.4. is revised as follows:

4.  While **occupying** any vehicle when it is being operated in, or in practice for, any **driving contest or challenge.**

**OTHER INSURANCE**

The Other Insurance section is replaced in its entirety by the following:

If there is other applicable insurance for UMBI, UMPD, or UMPD WOCD Coverage available under one or more policies or provisions of coverage:

1.  Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2.  Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or a **family member** will be excess over any collectible insurance.

3.  If the coverage under this policy is provided:

    a.  On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

    b.  On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability of coverage provided on an excess basis.

**ARBITRATION**

The Arbitration section is replaced in its entirety by the following:

A.  **This** section applies to UMBI Coverage and UMPD Coverage and UMPD WOCD Coverage. If **we** and a **covered person** disagree as to:

    1.  Whether a **covered person** is legally entitled to recover **BI** or **PD** damages from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle;** or

    2.  The amount of **BI** and **PD** damages that the **covered person** is legally entitled to collect from that owner;

    then, that disagreement shall be arbitrated upon request of either party. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by **us** or a **covered person.**

**A100CA(05)** Rev. 06-10

0901119c95670ae9

USAA Confidential

B.  Arbitration must be initiated by a written demand sent by certified mail, return receipt requested. Arbitration may be initiated by **us** or a **covered person.** With respect to **PD** arbitration must be initiated by the **covered person** within one year from the date of the accident.

C.  Upon request of either party, the matter or matters upon which either party do not agree shall be settled by a single neutral arbitrator. The decision made by the arbitrator may be entered in any court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the arbitrator equally.

D.  Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident, and local rules of law as to procedure and evidence will apply. Any decision of the arbitrator will be binding as to:

1.  Whether the **covered person** is legally entitled to recover damages; and

2.  The amount of damages, up to the coverage limit of liability.

## PART E – GENERAL PROVISIONS

**CHANGES**

Paragraph B. is revised as follows:

B.  If, during the policy period, the risk exposure changes for any of the following reasons, **we** will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event, that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1.  Change in location where any vehicle is garaged.

2.  Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3.  Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**. **You** must pay the applicable premium for the **newly acquired vehicle** beginning on the date **you** or a **family member** becomes the owner of the vehicle. See DEFINITIONS – **newly acquired vehicle.**

4.  Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

5.  Change in date of birth, marital status, driver's license information, or driving record of any operator.

6.  Addition or deletion of an operator.

7.  Change, addition, or deletion of any coverage or limits.

The following paragraph is added:

E.  Deployment

1.  If, because of **your** active-duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will automatically reinstate the coverage that was on the vehicle prior to the deployment-caused reduction.

0901119c95670ae9

USAA Confidential

2. Any automatic reinstatement of coverage under E. 1. will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60-day period, **you** must request it during the 60-day period. If **you** request reinstated coverage after this 60-day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium, as set out in Part E., Changes, B.7., for the reinstated coverage.

## DUTIES AFTER AN ACCIDENT OR LOSS

Paragraph B.6. is revised as follows:

B. A person seeking any coverage must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians **we** select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us.**

The following paragraphs are added:

C. In addition to Duties outlined in A. and B. in this Part, a person seeking coverage under Part C – Uninsured Motorists Coverage for an accident involving a hit-and-run motor vehicle must also:

1. Report the accident within 24 hours to the appropriate law enforcement officials;

2. File with **us** within 30 days thereafter a statement under oath that the person seeking coverage has a cause of action arising out of the accident for damages against a person whose identity is unascertainable.

D. In addition to the Duties outlined in A. and B. in this Part, a person seeking coverage under Part C – Uninsured Motorists Bodily Injury Coverage (referred to as UMBI) for **BI** sustained in an accident involving an **underinsured vehicle** must also:

1. Promptly give us a copy of the complaint by personal service or certified mail, if the person seeking coverage brings action against the owner or operator of the **underinsured motor vehicle.**

2. Within a reasonable time, make available all pleadings and depositions for copying by us or furnish us copies at **our** expense.

3. Provide **us** with proof that the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements.

Paragraph E. is revised to add the following:

E. In addition to the Duties outlined in A. and B. in this Part, a person seeking coverage under Part C – Uninsured Motorists Property Damage Coverage or Part D – Physical Damage Coverage must also:

4. Notify **us** within 10 business days of the accident. This does not apply to Part D – Physical Damage Coverage.

## LEGAL ACTION AGAINST US

Paragraph B. is revised as follows:

B. No legal action may be brought against **us** under UMBI Coverage:

**A100CA(05)** Rev. 06-10

USAA Confidential

1. Until there has been full compliance with all the terms of this policy; and

2. Unless within two years from the date of the accident, with respect to the definition of **uninsured motor vehicle,** one of the following actions are taken:

   a. Suit for **BI** has been filed against the uninsured motorist in a court of competent jurisdiction. Written notice of the suit must be provided within a reasonable time after the insured knew or should have known of the uninsured status of the other motorist. In no event will such notice be required before two years from the date of the accident. Failure of the insured or his representative to provide such notice will not be a basis for a denial of coverage unless such failure prejudices **our** rights;

   b. Agreement as to the amount due under this coverage has been concluded; or

   c. The **covered person** or his legal representative has formally instituted arbitration proceedings as set out in Part C., Arbitration, paragraph B.

## OUR RIGHT TO RECOVER PAYMENT

The following paragraphs are revised:

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. That person shall do whatever is necessary to enable us to exercise **our** rights, and shall do nothing after loss to prejudice them. However, **our** rights in this paragraph do not apply to payments under:

   1. Part B – Medical Payments Coverage;

   2. Part C – Uninsured Motorists Coverage related to an **underinsured motor vehicle;**

3. Part D – Physical Damage Coverage against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made to recovers damages from another, that person shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment. However, this paragraph does not apply to the Death Benefit provided under Extended Benefits Coverage of Part B, Medical Payments Coverage.

**Our** rights under paragraphs A. and B. above arise only after the **covered person** has been fully compensated for those damages.

## OWNERSHIP

The Ownership section is replaced in its entirety by the following:

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

The following section is added:

## REGISTERED DOMESTIC PARTNER

**We** will provide coverage for a **registered domestic partner** of the named insured that is equal to, and subject to the same terms and conditions as, the coverage provided to a spouse of the named insured.

The following section is added:

## SPOUSE ACCESS

A. The named insured and **we** agree that the named insured and resident spouse or domestic partner of the named insured registered under California Law are "customers" for purposes of state and federal privacy laws. The resident spouse or domestic partner will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

USAA Confidential

B. The named insured may notify **us** that he/she no longer agrees that the resident spouse or domestic partner of the named insured shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse or domestic partner of the named insured to access policy information.

## TERMINATION

Paragraph A.1. is revised as follows:

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. **You** may cancel the policy at any time, but the effective date of cancellation cannot be earlier than the date of the request unless **we** agree to an earlier date.

Paragraph A.3. is revised as follows:

3. **We** will cancel only for:

   a. Nonpayment of premium; or

   b. Fraud or material misrepresentation affecting the policy or insured; or

   c. A substantial increase in the hazard insured against.

Paragraph B. is revised as follows:

B. Nonrenewal.

1. If **we** decide not to renew this policy, **we** will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

2. **We** will nonrenewal only for:

   a. Nonpayment of premium; or

   b. Fraud or material misrepresentation affecting the policy or insured; or

   c. A substantial increase in the hazard insured against.

Copyright, USAA, 2010. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

0901119c95670ae9

USAA Confidential