# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEUTZ, et al.,<br><br>        Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, INC., et al.,<br><br>        Defendant. | Case No.: 16cv2096-LAB (DHB)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS** |

  This case was originally filed in state court, but Defendant USAA Casualty Insurance Company, Inc. removed it, citing diversity jurisdiction. After Defendants moved to dismiss, Plaintiffs filed an amended complaint (the "FAC"), mooting the motion. Defendant Auto Injury Solutions, Inc. ("AIS") then moved to dismiss three claims in the FAC for failure to state a claim. USAA filed an answer and has not moved to dismiss.

/ / /

/ / /

/ / /

/ / /

/ / /

1

16cv2096-LAB (DHB)

**Claims and Allegations**

Around December 24, 2014, Plaintiffs were injured in an automobile collision and incurred almost $160,000 in medical bills, plus other costs.[1] The insurance carriers for two other drivers who were involved in the accident settled Plaintiffs' claims against them for the policy limits over $1 million and $100,000 respectively. Plaintiffs contend this shows the other insurers were able to determine Plaintiffs' medical treatment was reasonable and caused by the accident. They also submitted a claim to their own insurer, USAA. Under their policy, their medical payment benefits are capped at $50,000 each.

USAA sent Plaintiffs a letter saying it partners with AIS "to audit bills and ensure they are reasonable, necessary, and related to the accident." Plaintiffs allege that USAA, working in conjunction with AIS, denied payment for many medical costs, ultimately paying only $5,240.84 of Paul Deutz's $75,930.42 claims and $24,286.87 of Nancy Deutz's $83,906.01 claims. Plaintiffs claim that the denial was arbitrary and made in bad faith, and that AIS's contention that it needed more documentation was a pretext. As an example, Plaintiffs allege that AIS denied payment for the ambulance that took them to the hospital after the accident on the grounds that Plaintiffs' documentation had not "support[ed] the medical necessity for continued care of treatment . . . ." They also allege USAA and AIS do not rely on duly qualified medical experts. Instead, Plaintiffs allege, they rely on a practitioner who is not licensed in California to review medical records and find ways to delay or deny payment. Plaintiffs charge that both USAA and AIS rely on pretextual requests for unnecessary records and documentation, and actively seek out evidence to support delay or denial of claims.

Although the FAC specifically alleges that USAA and AIS intentionally deny <u>legitimate</u> claims (FAC, ¶ 26), this allegation is plausible only to the extent that it is

---

[1] The FAC does not say what the other costs were, but they apparently included the cost of Plaintiffs' car, which was totaled, and other damages. Plaintiffs' claims in this case concern the medical bills, rather than other costs.

construed to mean USAA intentionally denies or delays paying various claims, some of which are legitimate, in order to save money. It does not appear Plaintiffs mean USAA and AIS are targeting only legitimate claims, and are willingly paying inflated, inadequately documented, or bogus claims.

Plaintiffs' claims arise under state law. They allege that Defendants breached an automobile insurance contract, and bring other claims related to that breach. The gravamen of their claims is that AIS, at USAA's direction or with USAA's knowledge and approval, is responsible for bad-faith efforts to reduce, delay, or deny payment for medical claims. Claims 1 (breach of contract) and 2 (breach of the implied covenant of good faith and fair dealing) are brought against USAA only. Claim 3 (negligence) is brought against AIS only, and claims 4 (negligent misrepresentation) and 5 (willful misconduct) are brought against both USAA and AIS. AIS has moved to dismiss the three claims against it.

**Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the Court is sitting in diversity, it applies California substantive law, but federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). This includes federal pleading standards. *See Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273–74 (N.D. Cal., 2015).

Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and construes the complaint in the light most favorable to the plaintiff. *See Cholla*

*Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

The Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The FAC refers to and relies on several attached documents, which the Court therefore considers when ruling on the motion.

**Discussion**

AIS argues that, as USAA's independent contractor, it owed Plaintiffs no duty of care, which is an essential element of the negligence and negligent misrepresentation claims. To the extent a duty of care may be an element of wilful misconduct, assuming arguendo that wilful misconduct can be a cause of action, AIS raises that issue as well. AIS argues Plaintiffs did not adequately plead misrepresentation or justifiable reliance as required for a negligent misrepresentation claim. It also argues California does not recognize "wilful misconduct" as an independent cause of action. It also argues that as part of Plaintiffs' willful misconduct claim, Plaintiffs cite the Unfair Insurance Practices Act ("UIPA") as creating a duty in AIS, even though there is no private right of action under that statute.

AIS cites *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal. App. 4th 249 (Cal. App. 2d Dist. 1999) for the principle that an insurer's independent contractor owes no duty of care to an insured or claimant. In that case, the California Court of Appeal held:

/ / /

/ / /

> An independent adjuster engaged by an insurer owes no duty of care to the claimant insured, with whom the adjuster has no contract. The adjuster is not liable in tort to the insured for alleged negligent claims handling which causes only economic loss.

*Id.* at 250–51.

Assuming AIS is an independent adjuster that USAA hired, AIS had no duty of care to Plaintiffs, and the three claims against AIS must be dismissed for that reason. But Plaintiffs raise a factual argument in their opposition; they contend that AIS was not actually independent, and that there was some corrupt relationship linking the two, which they hope to obtain information about through discovery. The FAC's language is broad enough that it can be fairly read as alleging that AIS was an arm of USAA. Whether discovery will turn up evidence to support those allegations is not a question the Court can address at this stage.

Plaintiffs ask the Court to weigh the factors set forth in *Biakanja v. Irving*, 49 Cal.2d 647, 650 (1958) in order to find a duty of care even when the parties were not in privity of contract. In the absence of particularized factual allegations that would bring AIS within the reasoning of *Biakanja*, however, the Court would not apply the holding of that case here. *Biakanja* addresses somewhat different situations than it appears Plaintiffs face here. In particular, it deals with situations where finding no duty would mean the plaintiff would be denied a right of action altogether. *Id.* at 651. It also bears mention that *Sanchez* considered and rejected *Biakanja* liability for independent insurance adjusters. *Sanchez*, 72 Cal. App. 4th at 255. Because the question of *Biakanja*'s applicability here does not affect the outcome, however, the Court does not reach it.

AIS's request to dismiss Plaintiffs' negligence claim will therefore be denied. But AIS raises alternative arguments against the negligent misrepresentation and willful misconduct claim.

AIS correctly points out that fraud or mistake must be pled with particularity. *See* Fed. R. Civ. P. 9(b). They argue that the FAC makes only broad and generalized allegations about what misrepresentations were made, and that the FAC does not plead

5

reliance. In response, Plaintiffs contend that paragraphs 23 and 25–28 satisfy the particularity requirement. The only misrepresentations alleged in those paragraphs are representations that Plaintiffs needed to submit complete records to document their losses, and that they had not done so; and AIS's alleged failure to disclose the corrupt relationship between AIS and USAA. These paragraphs do not allege misrepresentation, however, but stonewalling and wrongful denial of claims AIS knew or should have known were valid.

Plaintiffs also contend that paragraphs 57 and 58 of the FAC plead facts showing their reliance on AIS's representations. But those paragraphs do not plead facts showing that Plaintiffs relied on what AIS said, nor do they allege harm from that misplaced reliance. Instead, they represent a reformulation of the same wrongful denial claim. The only references to Plaintiffs' reliance anywhere in the FAC are allegations that they relied on USAA's representations when purchasing insurance coverage and that they relied on the terms of the written policy.

Because both misrepresentation and justifiable reliance are elements of a negligent misrepresentation claim, *see Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182 (Cal. App. 4 Dist. 2012), the negligent misrepresentation will be dismissed.

Although AIS argues California does not recognize "willful misconduct" as a separate cause of action, the case law is unclear. *See, e.g., Nickerson v. Scripps* Health, 2013 WL 6841967 at *6–7 (Cal. App. 4 Dist. Dec. 30, 2013) (citing and discussing conflicting case law). The California Supreme Court has declined to resolve the question. *Nalwa v. Cedar Fair, L.P.*, 55 Cal.4th 1148, 1164 n.8 (2012).

But assuming, *arguendo*, there is such a cause of action, willful misconduct it includes at least the following elements: 1) actual or constructive knowledge of danger; 2) actual or constructive knowledge that injury is a probable (not merely possible) result; and 3) conscious failure to avoid the danger. *See Morgan v. S. Pac. Trans. Co.*, 37 Cal. App. 3d 1006, 1021 (Cal. App. 4 Dist. 1974) (identifying elements that would raise a negligent act to the level of willful misconduct). Defendants argue those are the only

three elements. But in fact, they are the elements that raise an ordinary negligence to willful misconduct. *Id*. ("Three essential elements must be present to raise a negligent act to the level of wilful misconduct . . . ."). In other words, willful misconduct involves all the elements of negligence, plus these three. This means Plaintiffs' willful misconduct claim against AIS involves the same "duty of care" inquiry as their negligence claim.

Those courts that do recognize willful misconduct as a cause of action construe it as involving a deliberate intent to cause harm, beyond mere negligence or even gross negligence. *See Cope v. Davison*, 30 Cal.2d 193, 197 (1947) (distinguishing between negligence and gross negligence on the one hand, and willful misconduct); *Snider v. Whitson*, 184 Cal. App. 2d 211, 214–15. *See also Cope* at 202 (explaining that willful misconduct "involves a more positive intent actually to harm another" than gross negligence).

Because AIS argued willful misconduct is not a viable cause of action, it did not address Plaintiffs' allegations as part of its argument for dismissal of this claim, though it did argue generally that the pleadings were not specific enough. As to the willful misconduct claim, the Court agrees. California decisions discussing willful misconduct — whether as a stand-alone claim or a theory under which punitive damages are available — make clear the level of malice and intent to cause harm are high. Here, the most the FAC alleges is that AIS knew that their practices posed a risk of harm to insureds, including Plaintiffs. No facts are pled to suggest an intent to endanger Plaintiffs.

Assuming, *arguendo*, that willful misconduct is a viable cause of action under California law, in this case Plaintiffs' willful misconduct claim against AIS is duplicative of their negligence claim. Those courts that treat it as a separate cause of action treat it as an aggravated form of negligence. *Morgan*, 37 Cal. App. 3d at 1011. In other words, a defendant who is liable under a willful misconduct theory is perforce liable for negligence. But willful misconduct is typically pled as a way of recovering punitive damages, which ordinary negligence would not warrant. *See, e.g., Hilliard v. A. H. Robins Co.*, 148 Cal. App.3 d 374, 392 (Cal. App. 2 Dist. 1983). But in this case,

Plaintiffs are seeking punitive damages only against USAA. Their willful misconduct claim against AIS is duplicative of their negligence claim.

Because the FAC does not include factual allegations showing the level of intent and malice required to raise a negligence claim to the level of willful misconduct, the willful misconduct claim will be dismissed.

**Conclusion and Order**

For the reasons, AIS's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' negligent misrepresentation and willful misconduct claims against AIS are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Although these claims are dismissed without prejudice, Plaintiffs may not include them in any future complaint without first obtaining leave. If they wish to seek leave, they must do so by motion, attaching their proposed amended complaint as an exhibit and explaining how it cures the defects this order has pointed out.

The Court **DENIES** AIS's request to dismiss the negligence claim against it. As noted, however, this claim may be vulnerable to attack on summary judgment.

**IT IS SO ORDERED**.

Dated: September 11, 2017

Hon. Larry Alan Burns
United States District Judge